DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Aaron A. Gordon, appeals from the decision of the Summit County Court of Common Pleas granting summary judgment in favor of Appellees, Marco's Pizza, Inc. and William A. Mabee, Administrator of the Ohio Bureau of Workers' Compensation. We affirm.
 I. A. {¶ 2} Appellant was an employee of Appellee Marco's Pizza, Inc. ("Marco's"). On the evening of December 30, 2000, Appellant was delivering pizzas for Marco's when a car operated by a drunk driver collided with Appellant's car. Appellant used his cell phone to notify his employer of the accident. Marco's sent another driver to complete the deliveries, and Appellant states that he returned to his workplace and completed a written accident report for Marco's, although this report appears nowhere in the record.
 {¶ 3} Appellant continued to work for Marco's, although he underwent back surgery on June 18, 2001 and took three or four months off from work to recover from the operation. He returned to Marco's and continued working there until November 15, 2001. Almost three years later, on September 1, 2004, Appellant completed the Bureau of Workers' Compensation's First Report of Injury, Occupational Disease, or Death ("FROI") form and submitted it to the Bureau of Workers' Compensation ("Bureau"). An affidavit from Marco's benefits manager, Wendi Hamilton, states that Marco's had no knowledge of Appellant's injury until it received the FROI form. Appellant claims that he advised Marco's of his injuries both when he called Marco's from the accident scene and when he completed the company accident report later that evening. Appellant filed an application for compensation and benefits on October 12, 2004. The claim was denied because it was not timely filed and because there was no medical evidence to support Appellant's claim. Another hearing officer affirmed the denial on appeal.
 {¶ 4} Appellant filed an administrative appeal in the Summit County Court of Common Pleas. Appellees filed a motion for summary judgment, and Appellant responded. The trial court granted the motion and Appellant timely appealed, raising one assignment of error.
 II. Assignment of Error "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR APPELLEE MARCO'S PIZZA AS THERE ARE GENUINE ISSUES OF MATERIAL FACTS."
 {¶ 5} R.C. 4123.84(A) requires an employee to notify the Bureau or the Industrial Commission within two years after a workplace injury in order to receive compensation or benefits for the injury. However, where an employer receives notice of an injury resulting in seven days or more of total disability but fails to notify the Bureau within a week of receiving that notice, the two year statute of limitations is tolled by one day for each day that the employer fails to file the report, for up to two additional years. R.C. 4123.28.
 {¶ 6} Appellant claims that he notified Marco's of the injury on the day of the accident by way of his telephone call and the written internal report and that Marco's failed to notify the Bureau of the injury. Appellees have filed the affidavit from Wendi Hamilton, stating that Marco's was not notified that Appellant was injured until it received a copy of Appellant's completed FROI form in 2004.
 {¶ 7} Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact, if any, * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ. R. 56(C);Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 8} Appellate courts review the grant of summary judgment de novo, applying the same standard used by the trial court. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. Accordingly, an appellate court reviews the same evidence that was properly before the trial court. Am. Energy Servs., Inc. v. Lekan (1992), 75 Ohio App.3d 205, 208. The "party seeking summary judgment * * * bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims" or defenses. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once the moving party's burden has been satisfied, the non-moving party bears a reciprocal burden to set forth specific facts demonstrating a genuine issue of material fact, as set forth in Civ. R. 56(E). Id. "[T]he nonmoving party may not rest upon the mere allegations and denials in the pleadings[,]" but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735. Any doubt is to be resolved in favor of the nonmoving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 9} Pursuant to Civ. R. 56(C), only certain evidence and stipulations, as set forth in that section, may be considered by the court when ruling on a motion for summary judgment. Specifically, the court is only to consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact[.]" Civ. R. 56(C). Due to this strict language, affidavits are the means typically used to introduce evidence for consideration in a summary judgment motion. Robinson v. SpringfieldLocal School Dist. Bd. of Educ. (Mar. 27, 2002), 9th Dist. No. 20606, at *4. An affidavit must be made on personal knowledge and a sworn or certified copy of the document referred to in the affidavit must be attached to or served with it. Civ. R. 56(E). Thus, affidavits overcome concerns with authenticity of the evidence. Mitchell v. Ross (1984),14 Ohio App.3d 75. ("Documents which are not sworn, certified or authenticated by way of affidavit have no evidentiary value and shall not be considered by the trial court.").
 {¶ 10} Appellees claim that Appellant has submitted no evidence of a material fact that would satisfy Appellant's burden. They refer to Wendi Hamilton's affidavit as evidence that Marco's received no notice that Appellant was injured in the accident. Appellant has filed no affidavits and there have been no transcripts, written stipulations, or depositions in this case. Appellant therefore relies on his completed FROI form and his responses to Appellees' interrogatories.
 {¶ 11} Appellant notes that in the FROI form, which was attached to the complaint as an exhibit, he identified the date on which he initially advised Appellee of his injury as December 30, 2000. While Civ. R. 56(C) allows a court to consider the pleadings in a case as evidence to support or oppose a motion for summary judgment, the rule does not allow a court to consider exhibits appended to the pleadings.Skidmore Assoc. Co., L.P.A. v. Southerland (1993), 89 Ohio App.3d 177,179. "The proper procedure for introducing evidentiary matter not specifically authorized by Civ. R. 56(C) is to incorporate it by reference in a properly framed affidavit pursuant to Civ. R. 56(E)." Id. Appellant has not done so. Appellant therefore cannot rely on the FROI form as evidence to meet his burden of responding to the motion for summary judgment.
 {¶ 12} Appellees also note that, in his responses to the interrogatories, Appellant does not say that he notified Marco's of his injuries. Interrogatory Number 8 reads: "State the inclusive dates, if any, during which you claim to have been totally disabled as a result of the injury(s) and/or condition(s) which are the subject of this case. Appellant responded: "After the injury, I kept on working at Marco's Pizza until my surgery was scheduled. I was then off work for about four months in connection with my surgery." Likewise, Interrogatory Number 23 reads: "If you notified any employee or official of your employer of the injury or condition you sustained in this case, state the name of the person you notified, how you notified that person, and the date of such notification." Appellant responded: "When the accident happened, I used my cell phone to call into Marco's Pizza. They sent a replacement driver out to finish my deliveries. After the police released me, I went back to Marco's Pizza and filled out an accident report." Appellant does not, in his own words, state that he informed Marco's that his injuries resulted from the accident on December 30, 2000.
 {¶ 13} Even assuming, arguendo, that Marco's internal accident report contained evidence that Appellant was injured as a result of the accident and that Appellant's responses to the interrogatories satisfied Appellant's burden of establishing that fact, nothing in the record supports a finding that Marco's was aware that the injury resulted in seven days or more of disability. Appellant states that he had surgery to treat his injuries in June, 2001 and was off work for several months thereafter, but nothing in the record — other than the statements in Appellant's own brief, which cannot be considered as evidence under Civ. R. 56(C) — suggests that Marco's had any reason to know that Appellant's surgery and subsequent medical leave resulted from his on-the-job injury. If Marco's did not know that Appellant missed work as a result of this injury, it had no obligation under R.C. 4123.28 to advise the Bureau and its failure to do so did not toll the statute of limitations. See Lahoud v. Ford Motor Co. (1993), 91 Ohio App.3d 149,152; Simoudis v. Ford Motor Co. (2001), 143 Ohio App.3d 125, 130.
 {¶ 14} We therefore hold that Appellant has not met his burden of showing a genuine issue of material fact. Based on the facts properly in the record before us, we find that the statute of limitations has not been tolled and Appellant did not timely notify the Bureau or the Industrial Commission. Appellees were therefore entitled to judgment as a matter of law, and the trial court properly granted Appellees's motion for summary judgment. The assignment of error is overruled.
 III. {¶ 15} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
MOORE, P. J., BAIRD, J., CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)