[Cite as *Ramos v. Canton*, 2022-Ohio-3642.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| DOMINGO A. RAMOS | : | | JUDGES: |
| | : | | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellant | : | | Hon. William B. Hoffman, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| FRESH MARK CANTON | : | | Case No. 2021 CA 00076 |
| | : | | |
| Defendant-Appellee | : | | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 2020 CV 01196

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            October 11, 2022

APPEARANCES:

For Plaintiff-Appellant

SAMUEL E. MARECELLINO III
SANFORD A. MEIZLISH
4200 Regent Street
Suite 210
Columbus, OH  43219

For Defendant-Appellee

MARY E. ULM
4580 Stephen Circle NW
Suite 300
Canton, OH  44718

*Wise, Earle, P.J.*

{¶ 1}  Plaintiff-Appellant, Domingo A. Ramos, appeals the June 16, 2021 judgment entry of the Court of Common Pleas of Stark County, Ohio, granting summary judgment to Defendant-Appellee, Fresh Mark Canton, barring his claim for death benefits.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On December 16, 2017, appellant was working for appellee when he suffered an injury resulting in near instantaneous death.

{¶ 3}  On December 5, 2019, Guillermina Cortez Juarez, who identified herself as appellant's girlfriend, submitted a C-5 application with the Ohio Bureau of Workers' Compensation seeking death benefits on behalf of appellant's four surviving children.  On December 26, 2019, appellee, as a self-insuring employer, denied certification of the claim, citing the application was filed past the statute of limitations.

{¶ 4}  On April 3, 2020, appellant's application was considered by the Industrial Commission.  The claimant was described as Domingo A. Ramos, c/o Maria Alonzo Cortez, Child, Oficina Del Migrante.  Maria Alonzo Cortez is listed as appellant's minor child, but the authority of Maria Alonzo Cortez to pursue this action was not questioned in the matter below and will not be addressed by this court.  The appellate briefs refer to appellant as "Ramos" despite his death and to avoid confusion, we will follow suit.

{¶ 5}  In a decision mailed April 9, 2020, the district hearing officer denied the application for death benefits, finding the application was filed beyond the statute of limitations of one year [R.C. 4123.84(A)].  Appellant had argued the statute of limitations was extended by appellee's failure to file the report described in R.C. 4123.28(A), wherein an employer "shall keep a record of all injuries and occupational diseases, fatal or

otherwise, received or contracted by his employees in the course of their employment and resulting in seven days or more of total disability" and within a week after acquiring knowledge of the death, "a report thereof shall be made in writing to the bureau of workers' compensation." Failure to file the report extends the statute of limitations. Appellee had argued R.C. 4123.28 was inapplicable to the facts of this case because appellant did not have any days of total disability because of his death; therefore, it was not required to file the report. The hearing officer agreed with appellee and found the statute of limitations was not extended.

{¶ 6} A staff hearing officer reviewed the matter and by decision mailed June 6, 2020, affirmed the district hearing officer's decision and denied the application. A request for reconsideration was denied.

{¶ 7} On August 25, 2020, appellant appealed the decision to the Court of Common Pleas. Each party filed motions for summary judgment. By judgment entry filed June 16, 2021, the trial court granted summary judgment to appellee, finding appellant's claim was barred by the statute of limitations.

{¶ 8} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 9} "THE TRIAL COURT'S SUSTAINING OF APPELLEE'S CROSS-MOTION FOR SUMMARY JUDGMENT AND OVERRULING APPELLANT'S MOTION FOR SUMMARY JUDGMENT WAS AGAINST THE CLEAR LANGUAGE AND RATIONAL CONSTRUCTION OF R.C. §4123.28 BECAUSE THE STATUTE'S LANGUAGE REQUIRES AN EMPLOYER TO RECORD AND REPORT AN INSTANTANEOUS

WORKPLACE DEATH. TO READ THE STATUTE OTHERWISE WOULD EXCUSE AN EMPLOYER FROM EVER HAVING TO REPORT A WORKPLACE DEATH TO THE BWC WHEN EMPLOYEES SUCCUMB TO THEIR FATAL INJURIES PRIOR TO EXPERIENCING SEVEN OR MORE DAYS OF TOTAL DISABILITY WHILE AT THE SAME TIME REQUIRING AN EMPLOYER TO REPORT A DEATH IF THE WORKER LIVES BUT MISSES WORK FOR SEVEN DAYS BEFORE DYING FROM THE WORK-RELATED INJURIES. THERE IS NO RATIONALE (SIC) BASIS FOR THIS DISPARITY OF TREATMENT TO WORKERS WHO DIE FROM INJURIES SUSTAINED ON THE JOB."

I

{¶ 10} In the sole assignment of error, appellant claims the trial court erred in denying appellant's motion for summary judgment and in granting appellee's cross-motion for summary judgment. We disagree.

{¶ 11} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). Our standard of review is de novo. *Bonacorsi v. Wheeling & Lake Erie Railway Co.,* 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 24. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. *Brown v. County Commissioners of Scioto County,* 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any,

timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).

{¶ 12} The focus of this case is the interpretation of R.C. 4123.28, which is also subject to de novo review as a question of law. *Carolina Tobacco Co. v. Petro*, 10th Dist. Franklin No. 04AP-1125, 2006-Ohio-1205, ¶ 23. While we owe no deference to the trial court's decision, we are mindful of the Supreme Court of Ohio's position "it is well settled that courts, when interpreting statutes, must give due deference to an administrative interpretation formulated by an agency which has accumulated substantial expertise, and to which the legislature has delegated the responsibility of implementing the legislative command." (Citations omitted.) *State, ex rel. McLean v. Industrial Commission of Ohio,* 25 Ohio St.3d 90, 92, 495 N.E.2d 370, 372 (1986).

{¶ 13} On December 16, 2017, appellant suffered an injury while in the course of his employment with appellee resulting in near instantaneous death. Appellee did not file a report of the death with the Bureau of Workers' Compensation pursuant to R.C. 4123.28. The parties do not dispute these facts, nor have they cited to any other material facts in dispute. The sole issue before this court is the trial court's interpretation of R.C. 4123.28 and its application to the undisputed facts.

{¶ 14} R.C. 4123.28 states the following in pertinent part:

> Every employer in this state shall *keep a record* of all injuries and occupational diseases, fatal or otherwise*,* received or contracted by his employees in the course of their employment and resulting in seven days or more of total disability. Within a week after acquiring knowledge of an

injury or death therefrom, and in the event of occupational disease or death therefrom, within one week after acquiring knowledge of or diagnosis of or death from an occupational disease or of a report to the employer of the occupational disease or death, a report thereof shall be made in writing to the bureau of workers' compensation upon blanks to be procured from the bureau for that purpose.

The employer shall give a copy of each report to the employee it concerns or his surviving dependents.

No employer shall refuse or neglect to make any report required by this section.

Each day that an employer fails to file a report required by this section constitutes an additional day within the time period given to a claimant by the applicable statute of limitations *for the filing of a claim based on the injury or occupational disease*, provided that a failure to file a report shall not extend the applicable statute of limitations for more than two additional years.  (Emphasis added.)

{¶ 15} The first question we must resolve is whether such a report was required by the undisputed facts in this case. The second and ultimately controlling question is whether the failure to file a report of death implicates the extension of the statute of limitations set out in the final paragraph of R.C. 4123.28.

*Requirement to file a report of the death*

{¶ 16} In its decision mailed April 9, 2020, the district hearing officer denied the claim, finding the following:

The District Hearing Officer reads R.C. 4123.28 as requiring that an injury or occupational disease be contracted by an Employee in the course of their employment and resulting in seven days or more of total disability. Absence (sic) either one of those requirements, the District Hearing Officer finds that R.C. 4123.28 would not apply. Since there were no days of total disability resulting from the Decedent's death, the District Hearing Officer finds that the triggering provision set forth in R.C. 4123.28 for a report to be filed with the Bureau of Workers' Compensation never occurred in this case. Therefore, the District Hearing Officer denies the Claimant's C5 in its entirety, since that C5 was not filed within one year of the date of death.

{¶ 17} In a decision mailed June 6, 2020, the staff hearing officer also denied the claim, finding the following:

After considering the above, the Hearing Officer is persuaded the provisions of R.C. 4123.28 are not applicable in this situation and the time period to file this claim has not been extended. The first sentence of this statute plainly requires the keeping of a record of all injuries and occupational diseases received or contracted in the course of employment and resulting in seven days or more of total disability. This sentence clearly requires

seven days of total disability be present to require the keeping of a record. Claimant's counsel focuses on the next sentence of the statute, requiring a report to [be] made in writing to the Bureau "(w)ithin a week after acquiring knowledge of an injury or death therefrom." Counsel argues that in many death claims, including this one, there is no period of total disability as death is essentially instantaneous, and he argues the second sentence of the statute accounts for this and therefore requires no seven day or more period of total disability for purposes of filing the required report. However, this interpretation would render the statute internally inconsistent, requiring the reporting of all injuries while requiring the recording of only some. The first complete sentence of R.C. 4123.28 is clear, and the Hearing Officer finds it may not be disregarded absent equally clear language allowing for same. Based on the above and absent any other authority cited, as there was no period of total disability following the decedent's death, the Employer was not required to file a report as required by R.C. 4123.28. Therefore, there is no basis present allowing for a determination the applicable statute of limitations may be extended in this claim. Consequently, the C-5 filed 12/05/2019 was filed outside the applicable one year statute of limitations and is denied.

{¶ 18} In its judgment entry filed June 16, 2021, the trial court reviewed these decisions and found the following:

The Court finds that the language contained in R.C. 4123.28 is clear and unambiguous. A plain reading of the first sentence of the statute only requires the filing of an injury report where the injury results in seven or more days of disability.

While Plaintiff would like the Court to interpret the second sentence as requiring a report, the Court finds that the second sentence is only triggered once the first sentence has been satisfied, i.e. where there is seven or more days of disability. If the legislature intended the first sentence to include death it could have included the words, "or death" at the end of the sentence.

Since the Court finds that the Defendant was not required to file an injury report in this matter, the Court finds that R.C. 4123.28, does not apply to extend the statute of limitations for filing. As such, the Court finds that Plaintiffs C-5 Application for Death Benefits was not timely filed pursuant to R.C. 4123.84, as it was filed beyond the one-year statute of limitations set forth therein.

{¶ 19} While we ultimately affirm, I do so on different grounds than those found by the trial court.

{¶ 20} The first sentence of R.C. 4123.28 requires the recording of all injuries "fatal or otherwise, received or contracted by his employees in the course of their employment and resulting in seven days or more of total disability," and requires a written report to the bureau "[w]ithin a week after acquiring knowledge of an injury or death therefrom." One

can argue a fatal injury results in seven days or more of total disability because the employee is dead, or does not result in seven days or more of total disability because the employee is dead. The trial court found the second sentence requiring a report is "only triggered once the first sentence has been satisfied, i.e. where there is seven or more days of disability." I would find there is ambiguity in what constitutes "seven or more days of disability" when the employee dies instantly or within six days of the incident. R.C. 4123.28 is the only provision which requires employers to report fatal injuries to the bureau. This statute requiring the reporting of workplace deaths is internally inconsistent if a death is reportable only if the employee survives the injury by seven or more days.

{¶ 21} Having found R.C. 4123.28 ambiguous and open to interpretation, I look to the tenants of statutory construction.

{¶ 22} In *Bailey v. Republic Engineered Steels, Inc.*, 91 Ohio St.3d 38, 40, 741 N.E.2d 121 (2001), the Supreme Court of Ohio stated the following:

> Where the words of a statute are ambiguous, interpretation is necessary. *State ex rel. Celebrezze v. Allen Cty. Bd. of Commrs.* (1987), 32 Ohio St.3d 24, 27, 512 N.E.2d 332, 335. Ambiguity exists if the language of the statute is susceptible of more than one reasonable interpretation. *State ex rel. Toledo Edison Co. v. Clyde* (1996), 76 Ohio St.3d 508, 513-514, 668 N.E.2d 498, 504.
>
> In determining legislative intent when faced with an ambiguous statute, the court may consider several factors, including the object sought to be obtained, circumstances under which the statute was enacted, the

legislative history, and the consequences of a particular construction.  R.C. 1.49; *State v. Jordan* (2000), 89 Ohio St.3d 488, 492, 733 N.E.2d 601, 605. Along with these statutory construction principles, we must also apply the directive found in R.C. 4123.95 to liberally construe the workers' compensation laws in favor of employees [and the dependents of deceased employees].  A liberal construction has been defined as giving "generously all that the statute authorizes," and "adopting the most comprehensive meaning of the statutory terms in order to accomplish the aims of the Act and to advance its purpose, with all reasonable doubts resolved in favor of the applicability of the statute to the particular case.  Interpretation and construction should not result in a decision so technical or narrow as to defeat the compensatory objective of the Act."  Fulton, Ohio Workers' Compensation Law (2 Ed.1998) 9, Section 1.7.

{¶ 23} R.C. 1.49(F) allows for the consideration of the administrative construction of the statute.  The Ohio Administrative Code addresses this issue directly.  Ohio Admin.Code 4123-3-03 titled "Employers' reports of injuries and occupational diseases," tracks the language from R.C. 4123.28 and specifically states:

(A) Every employer *shall* keep a record of all injuries and occupational diseases resulting in seven days or more of total disability *or death and shall report them to the bureau of workers' compensation within one week of acquiring knowledge of such injury or death* and within one

week after acquiring knowledge of or the diagnosis *or death* from the occupational disease as required by section 4123.28 of the Revised Code. (Emphasis added.)

{¶ 24} The administrative construction requires a report of death regardless of the number of days of total disability.

{¶ 25} Additional support is found in Ohio Admin.Code 4123-19-03 titled "Where an employer desires to secure the privilege to pay compensation and benefits directly." Subsection (K) states in part:

(K) Minimal level of performance as a criterion for granting and maintaining the privilege to pay compensation and benefits directly.

(3) Every employer shall keep a record of all injuries and occupational diseases, including contested or denied claims, and *shall report all claims with more than seven days of total disability or death*, including contested or denied claims, to the bureau and to the employee or the claimant's surviving dependents in accordance with rule 4123-3-03 of the Administrative Code. Claims resulting in seven days or less of total disability shall be reported to the employee. (Emphasis added.)

{¶ 26} The administrative construction is the exact interpretation sought by appellant with regard to the first two sentences of R.C. 4123.28. The reporting of an employee death to the bureau is not dependent on seven days or more of total disability,

but shall be reported within one week after acquiring knowledge of the death.  In this case, appellee acquired knowledge of the employee's death on the very day that he died, the day of the incident, starting the "clock" to file a report within one week which appellee failed to do.

{¶ 27} In my analysis of the rules of statutory construction, I find the legislative intent is in line with appellant's position.  An employer is required to make a report with the Bureau of Workers' Compensation within one week of a death.

*Extension of the statute of limitations*

{¶ 28} However, this does not end the inquiry into whether the failure to report the death implicates an extension of the statute of limitations set out in the fourth paragraph of R.C. 4123.28, as cited above and set out below:

> Each day that an employer fails to file a report required by this section constitutes an additional day within the time period given to a claimant by the applicable statute of limitations *for the filing of a claim based on the injury or occupational disease*, provided that a failure to file a report shall not extend the applicable statute of limitations for more than two additional years.  (Emphasis added.)

{¶ 29} It is significant the language of this paragraph indicates the extension is "for the filing of a claim based on the injury or occupational disease[.]" The paragraph does not include claims for a death.

{¶ 30} Ohio Admin.Code 4123-3-08 titled "Preparation and filing of applications for compensation and/or benefits," provides support for the proposition the extension does not apply to claims for death benefits. Section (D) is captioned, "Time limitations within which claims must be filed." Subsection (1) states "injury claims" are barred after one year "unless the applicable statute of limitations is extended due to the employer's failure to file a report as required by section 4123 of the Revised Code." Similarly, subsection (5) states "[c]laims for occupational diseases" are subject to the same extension of the statute of limitations when an employer fails to file a report. However, under subsection (7), death claims are treated differently: "Death claims, alleging that the death is the result of an injury occurring on or after September 29, 2017, must be filed within one year of the death or be forever barred." The conspicuous absence of the extension language speaks volumes. The final paragraph of R.C. 4123.28 defines an extension of the statute of limitations for claims relating to injury and occupational diseases, but not for death claims.

{¶ 31} Based on the foregoing, I find:

{¶ 32} 1) R.C. 4123.28 is ambiguous.

{¶ 33} 2) R.C. 4123.28 is the only statute in the chapter relating to an employer's requirement to report workplace deaths and thus is applicable to all workplace deaths; therefore, a report by the employer to the bureau was required in this case.

{¶ 34} 3) The first sentence of R.C. 4123.28 does not act as a gatekeeper to exclude the requirement to file a report of a workplace death where the employee survives the incident for less than seven days.

{¶ 35} 4) The final paragraph of R.C. 4123.28 creates an extension of the one-year statute of limitations for injury and occupational disease claims, but there is no corresponding extension which applies to death claims.

{¶ 36} Upon review, we find the trial court did not err in denying appellant's motion for summary judgment and in granting appellee's cross-motion for summary judgment.

{¶ 37} Appellant's sole assignment of error is denied.

{¶ 38} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Wise, Earle, P.J.

Baldwin, J. concurs separately and

Hoffman, J. concurs in part and dissents in part.

EEW/db

*Baldwin, J., concurs separately*

{¶39} I concur with the conclusion that the judgment of the Stark County Court of Common Pleas must be affirmed, but I reach that conclusion through an analysis that differs from my colleague. I would find that the language of R.C. 4123.28 did not require Fresh Mark to file a report with the BWC and that the statute of limitations for the filing of a death claim has not been extended and that, therefore, Fresh Mark is entitled to judgment as a matter of law.

{¶40} I must respectfully disagree with the conclusion that "there is ambiguity in what constitutes 'seven days or more of disability' when the employee dies instantly or within six days of the incident." As more fully explained below, I find that the first sentence does not apply to these deaths as it requires an injury "received or contracted by his employees in the course of their employment *and resulting in seven days or more of total disability*." "Total Disability" has a clear definition and I would find that the statue unambiguously requires seven days of total disability before the obligation to report is triggered.

{¶41} I also must respectfully disagree with the conclusion that the Ohio Administrative Code provides support for a holding that a report was required in this case. Ohio Administrative Code Section 4123-3-03 tracks the language of R.C. 4123.28, but adds language that does not appear in the statute, effectively amending it. (Emphasis added.) Ohio Administrative Code Section 4123-3-03 adds language to the statute that alters the breadth of the statute: "Every employer shall keep a record of all injuries and occupational diseases *resulting in seven days or more of total disability or death* * * *." (Emphasis added.) The addition of the words "or death" expands the reach of the statute.

While we give deference to the interpretation by an administrative agency, "[A] regulation may not supersede, modify, or restrict a statute. *State ex rel. Celebrezze v. Natl. Lime & Stone C*o., 68 Ohio St. 3d 377, 382 (1994) ("[A]n administrative rule that is issued pursuant to statutory authority has the force of law unless it is unreasonable or conflicts with a statute covering the same subject matter"), citing *Youngstown Sheet & Tube Co. v. Lindley*, 38 Ohio St. 3d 232, 234 (1988). I would find that this regulation impermissibly modifies the applicable Revised Code section and that I was bound to apply the statute and disregard any modification by the regulation.

{¶42}  I would also find that Ohio Adm. Code 4123-19-03(K)(3) is not applicable to the facts of this case. That section describes an obligation to report claims to the BWC and to the employee or the claimant's surviving dependents and does not focus on an obligation to report injuries.  I would find that it also suffers from the same defect as Ohio Adm. Code 4123-3-03 by including the phrase "seven days of total disability or death" and thereby increasing the parameters of the obligation in a way not sanctioned by the Ohio Revised Code.

{¶43}  While I disagree with my colleague's analysis, I would affirm the trial court for different reasons.

**ANALYSIS**

{¶44}  Revised Code Chapter 4123 is comprised of statutory provisions that control the filing and processing of workers' compensation claims.  The statutes are tightly interconnected, such that resolution of any question requires consideration of not only the primary code section that concerns the matter presented, but also many of the supplementary statutes that provide context and meaning for the terms used in the statute

to be interpreted and applied. The Supreme Court of Ohio noted the interdependence among the code sections *in State ex rel. Rothoff v. Indus. Com'n,* 144 Ohio St. 327, 331, 58 N.E.2d 956, 958 (1945) where it agreed "that these sections are *in pari materia* and of course should be considered and construed together. Indeed, that is the situation as to all provisions of the workmen's compensation law."

{¶45} I would also acknowledge the requirement that the provisions of Chapter 4123 must "be liberally construed in favor of employees and the dependents of deceased employees." (R.C. 4123.95).

> A liberal construction has been defined as giving "generously all that the statute authorizes," and "adopting the most comprehensive meaning of the statutory terms in order to accomplish the aims of the Act and to advance its purpose, with all reasonable doubts resolved in favor of the applicability of the statute to the particular case. Interpretation and construction should not result in a decision so technical or narrow as to defeat the compensatory objective of the Act." *Bailey v. Republic Engineered Steels, Inc.,* 91 Ohio St.3d 38, 40, 741 N.E.2d 121 (2001), quoting Fulton, Ohio Workers' Compensation Law, Section 1.7, 9 (2d Ed.1998). That mandate does not, however, give a reviewing court authority to rewrite the statute, *Armstrong v. John R. Jurgensen Co.*, 136 Ohio St.3d 58, 2013-Ohio-2237, 990 N.E.2d 568, ¶ 13, citing *Kilgore v. Chrysler Corp.,* 92 Ohio St.3d 184, 189, 749 N.E.2d 267 (2001) (Moyer, C.J., dissenting).

*State ex rel. Ohio Presbyterian Retirement Services, Inc. v. Indus. Commission of Ohio*, 151 Ohio St.3d 92, 2017-Ohio-7577, 86 N.E.3d 294, ¶ 20.

{¶46} While we are obligated to liberally construe R.C. 4123.28 in favor of employees, I am mindful of the fact that the violation of that statute is a misdemeanor of the fourth degree, subjecting the violator to a potential $250.00 fine and up to thirty days in jail. (R.C. 4123.99(A)). "[W]here there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant." (Citations omitted.)   *State v. Vaduva*, 2nd Dist. No. 2015-CA-27, 2016-Ohio-3362, 66 N.E.3d 212, ¶ 20.  The Appellee in this case has not been charged with an offense and may never be charged, but we must keep in mind the impact of this decision on the application of the statute in criminal matters.  Our decision must serve the dual purpose of resolving doubts or ambiguities in the favor of the employee without prejudicing the party responsible for compliance with R.C. 4123.28.

{¶47}  An accurate application of R.C. 4123.28 requires a broader understanding of Chapter 4123 and the Workers' Compensation system.  Some understanding of the types of claims, the claim filing process and the time constraints is necessary before we can confidently discern the meaning and intent of R.C. 4123.28. If we do not consider the context within which the statute is applied, we risk an interpretation that will create unintended obligations that will only serve to complicate the process and confuse the parties.

{¶48}  Chapter 4123 provides for the filing of three categories of claims: Temporary Disability, Total Disability, and Death. Temporary Disability compensation is described in R.C. 4123.56, and, consistent with its title, the compensation is intended to be temporary as the implication is that the employee will recover and return to gainful employment. After twenty-six weeks of temporary total disability, the claimant may be eligible for permanent partial disability. (R.C. 4123.57). After two hundred weeks of temporary

disability benefits, the employee is subject to an examination to determine whether the temporary disability has become permanent.

{¶49} Total disability or permanent total disability is "the inability to perform sustained remunerative employment." R.C. 4123.58; *State ex rel. Nissin Brake Ohio, Inc. v. Indus. Comm.*, 127 Ohio St.3d 385, 2010-Ohio-6135, 939 N.E.2d 1242, ¶ 12. Once a claimant becomes permanently and totally disabled, he is entitled to receive PTD compensation from that time forward until his death. *State ex rel. Baker Material Handling Corp. v. Indus. Comm.,* 69 Ohio St.3d 202, 213, 631 N.E.2d 138, 147 (1994). *See Also State ex rel. Lynch v. Indus. Comm.,* 10th Dist. No. 05AP-1233, 171 Ohio App.3d 453, 2007-Ohio-292, 871 N.E.2d 618, ¶¶ 13-15 *aff'd,* 116 Ohio St.3d 342, 2007-Ohio-6668, 879 N.E.2d 193, ¶ 15 ("* * * an award of PTD is for life.")

{¶50} A claim for death benefits arises when "* * * an injury to or an occupational disease contracted by an employee causes the employee's death * * *". R.C. 4123.59. This statute describes the calculation of the compensation to be paid to "wholly dependent persons", the time limits on payment and the distribution of the benefits among those wholly dependent persons.

{¶51} These sections are significant to the case before us because they demonstrate that "total disability" in the context of Chapter 4123 is not equivalent to death. This Chapter does not offer an independent definition of the phrase "total disability" but R.C. 4123.56 and caselaw make clear that a person who is totally disabled is alive and collecting benefits for the remainder of his life. We are constrained to read the reference to total disability in R.C. 4123.28 consistently with the use of that phrase in the Chapter and the relevant precedent because "[w]ords and phrases that have acquired a technical

or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." R.C. 1.42.  Consequently, the first sentence of that section, which reads: "Every employer in this state shall keep a record of all injuries and occupational diseases, fatal or otherwise, received or contracted by his employees in the course of their employment and resulting in seven days or more of total disability" refers only to a living person with qualifying conditions that prevent any remunerative work. *State ex rel. Nissin Brake Ohio, Inc., supra* at ¶ 13. That section does not apply, as suggested by Ramos, to a death because in the context of a workers' compensation matter, a death is not equivalent to a total disability.

{¶52}  I would find  that the first sentence of R.C. 4123.28 is not ambiguous and that it does not apply in this case as Ramos did not suffer a total disability as that term is used in this Chapter. Fresh Mark was not required to keep a record of Ramos's injury or death by this statute.

{¶53}  The next sentence of R.C. 4123.28 states:

{¶54}  Within a week after acquiring knowledge of an injury or death therefrom, and in the event of occupational disease or death therefrom, within one week after acquiring knowledge of or diagnosis of or death from an occupational disease or of a report to the employer of the occupational disease or death, a report thereof shall be made in writing to the bureau of workers' compensation upon blanks to be procured from the bureau for that purpose.

{¶55} In reviewing a statute, a court cannot pick out one sentence and disassociate it from the context, but must look to the four corners of the enactment to determine the intent of the enacting body. *State v. Wilson*, 77 Ohio St.3d 334, 336, 673

N.E.2d 1347, 1350 (1997). We may not, therefor, consider this sentence in isolation from the balance of the statute but must consider the statute as a whole.

{¶56} Ramos contends that R.C. 4123.28 requires maintenance of a record and a report for all injuries, occupational diseases and deaths, but such an interpretation results in an amendment of the clear language of the Code. As I have found, the first sentence requires the employer to keep a record of only those injuries that result in seven or more days of total disability and, in the context of Chapter 4123 "total disability" is not synonymous with death. Further, the legislature could have added the phrase "or death" at the end of the first sentence of R. C. 4123.28, but did not. The absence of those words supports a conclusion that the first sentence does not apply in the case of a death that does not follow seven or more days of total disability.

{¶57} The second sentence of R.C. 4123.28 imposes a duty to report injury or occupational disease or death therefrom and it contains no limit on the source of the injury or occupational disease that would be the subject of such a report. If that sentence is read in isolation, we could find that the employer must report any injury or occupational disease suffered by its employees regardless of the cause of the injury. When I consider the "four corners of the enactment," I would find that the phrase "injuries and occupational diseases" is limited by the first sentence to those injuries or diseases received or contracted "in the course of their employment and resulting in seven days or more of total disability." An obligation to report any injury or occupational disease is not supported by the text of the statute and is contrary to the purpose of Chapter 4123 to address injuries suffered in the course of employment. And an obligation to report injuries and diseases without the limitation of "seven or more days of total disability" will impose a duty to keep

a record of a limited number of injuries or diseases while mandating that all injuries and diseases be reported with detailed information, thus creating a record and rendering the first sentence of the statute redundant. I would reject that interpretation because "[n]o part [of the statute] should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative." *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.*, 95 Ohio St. 367, 373, 116 N.E. 516 (1917) as quoted in *State ex rel. Carna v. Teays Valley Local School Dist. Bd. of Edn.*, 131 Ohio St.3d 478, 2012-Ohio-1484, 967 N.E.2d 193, ¶ 19.

{¶58} I would hold that the second sentence of R.C. 4123.28 must be interpreted in the context of the first sentence, limiting the employer's duty to submit a report only when the injury or occupational disease causes seven or more days of total disability. This interpretation preserves the operation of both sentences and, further, is supported by the language in related statutes and consistent with holdings by our colleagues in the Third, Ninth and Tenth District Courts of Appeal.

{¶59} Revised Code 4123.28 contains a seven-day time limit without explanation or reference to a source for that limitation. I have considered the related statutes in Chapter 4123 and find the source of that time limit in R.C. 4123.55:

> No compensation shall be allowed for the first week after an injury is received or occupational disease contracted and no compensation shall be allowed for the first week of total disability, whenever it may occur, unless and until the employee is totally disabled for a continuous period of two weeks or more, in which event compensation for the first week of total disability, whenever it has occurred, shall be paid, in addition to any other

weekly benefits which are due, immediately following the second week of total disability. There shall be no waiting period in connection with the disbursements provided by section 4123.66 of the Revised Code.

{¶60}  This section provides an explanation for the timing of the obligation to keep a record and report an injury or occupational disease only after seven or more days of disability.  As no compensation will be paid until the employee is totally disabled for a continuous period of two weeks or more, the obligation to keep a record is not triggered until after the first week of total disability and thereafter a report must be made within seven days, consuming the second week of total disability and triggering the potential for compensation for the first week of disability.  The two-week waiting period described in R.C. 4123.55 is consistent with the conclusion that R.C. 4123.28 does not require a report within seven days until there is first seven or more days of total disability as no compensation will be paid before the employee is totally disabled for a continuous period of two weeks.

{¶61}  Further support for this interpretation of this code section is found in Ohio Adm.Code 4123-3-08 captioned "Preparation and filing of applications for compensation and/or benefits."  The rule first addresses filing of an application for an injury or occupational disease, describing the relevant obligations and referencing the statute of limitations for filing of such claim. The Rule applies the statute of limitations to injury claims "unless the applicable statute of limitations is extended due to the employer's failure to file a report as required by section 4123.28 of the Revised Code."  Claims for death are addressed in a separate section and reference the statute of limitations, but

include no reference to the extension of the statute of limitations. That section in its entirety states:

> Death claims, alleging that the death is the result of an injury occurring prior to September 29, 2017, must be filed within two years of the death or be forever barred, except as provided in paragraphs (D)(8) and (D)(9) of this rule. Death claims, alleging that the death is the result of an injury occurring on or after September 29, 2017, must be filed within one year of the death or be forever barred.

Ohio Adm. Code 4123-3-08(D)(6).

{¶62} This Rule embodies the Bureau of Workers' Compensation's conclusion that language in R.C. 4123.28 requiring the extension of the statute of limitations described in R.C. 4123.84 applies only in cases of injury and will not serve to extend the deadline for the filing of a death claim. While not binding on this court, we "must give due deference to an administrative interpretation formulated by an agency which has accumulated substantial expertise, and to which the legislature has delegated the responsibility of implementing the legislative command." *State, ex rel. McLean, supra.* Because this interpretation of R.C. 4123.28 is consistent with the requirements of this rule and leads to the same conclusion we need not defer to the BWC's ruling and, instead, I agree with it.

{¶63} The language of R.C. 4123.28 supports this conclusion as well. While the obligation to complete a record and the obligation to file a report contain references the injury, occupational disease and death, the portion of the statute providing for an extension of the statute of limitations contains no reference to death:

Each day that an employer fails to file a report required by this section constitutes an additional day within the time period given to a claimant by the applicable statute of limitations for the filing of a claim based on the injury or occupational disease, provided that a failure to file a report shall not extend the applicable statute of limitations for more than two additional years. (Emphasis added.)

{¶64} The legislature was clearly aware of the potential for deaths arising from any injury or occupational disease as revealed by the first sentences of this section, but it chose not to extend the statute of limitations for a claim based on death. Because the legislature did not include a reference to a claim based upon death in this sentence of R.C. 4123.28, we are without authority to insert it.

{¶65} The Tenth District Court of Appeals has reached the same conclusion limiting the application of the extension of the statute of limitations described in R.C. 4123.28 to only those cases that include seven days of total disability: "Thus, for workers who claim seven or more days of disability, R.C. 4123.28 has the effect of causing notice to the BWC to occur promptly from the employer or an extension of time to file to occur automatically. *Arline v. Admin.,* 10th Dist. Franklin No. 00AP-312, 2000 WL 1376540, *4. *See also Brink v. Olson Cold Storage,* Ltd., 3rd Dist. Defiance No. 4-07-26, 2008-Ohio-1788, ¶ 33 (R.C. 4123.28's tolling provision applies when the employer has knowledge of an injury or occupational disease received or contracted by his employee within the course of his/her employment, which results in seven days or more of total disability, and the employer fails to file the appropriate report with the BWC."); *Gordon v. Marco's Pizza Inc.,* 9th Dist. Summit No. 23249, 2006-Ohio-6955, ¶ 4 ("However, where an employer

receives notice of an injury resulting in seven days or more of total disability but fails to notify the Bureau within a week of receiving that notice, the two year statute of limitations is tolled by one day for each day that the employer fails to file the report, for up to two additional years."); *Lahoud v. Ford Motor Co.,* 91 Ohio App.3d 149, 152, 631 N.E.2d 1114, 1116 (9th Dist.1993) ("Under R.C. 4123.28, an employer's duty to report is triggered when the employer has the knowledge that an employee had been diagnosed with an occupational disease and because of that disease seven days or more of total disability resulted."); *but see Wall v. Trimble,* 116 Ohio App.3d 79, 83, 686 N.E.2d 1152, 1155 (7th Dist.1996) (finding that R.C. 4123.28 requires a report for an injury within seven days of acquiring knowledge of the injury.)

{¶66} I find that the language of R.C. 4123.28 did not require Fresh Mark to file a report with the BWC and that the statute of limitations for the filing of a death claim has not been extended. Applying this interpretation to the undisputed facts in the record, I would hold that Fresh Mark was entitled to judgment as a matter of law.

{¶67} This conclusion will affect those cases that involve an injury or occupational disease that proves fatal without causing seven days of total disability. I believe this decision does not prejudice those claims, as the claimant will have prompt notice of the death and its relationship to the injuries sustained in the course of employment. More importantly, I find that this anomaly is the direct result of legislative action and the proper resolution is further legislative action, and not judicial reconstruction.

*Hoffman, J., concurring in part, and dissenting in part*

{¶68}  I concur in the analysis of Judge Wise in support of his findings:  1) R.C. 4123.28 is ambiguous; 2) R.C. 4123.28 is the only statute in the chapter relating to an employer's requirement to report workplace deaths and thus is applicable to all workplace deaths; therefore, a report by the employer to the bureau was required in this case; and 3) The first sentence of R.C. 4123.28 does not act as a gatekeeper to exclude the requirement to file a report of a workplace death where the employee survives the incident for less than seven days.  (Wise, P.J., Opinion at ¶32-34).

{¶69}   I would add in further support of, or alternatively to, Judge Wise's analysis, even if the statute is unambiguous, I interpret the first two sentences of R.C. 4123.28 as creating two separate and distinct duties on the part of an employer.  The first duty is to keep a record and the second duty is to report.  The sentences stand independent of each other and are not joined by a conjunction.  The limiting language of the first sentence regarding seven or more days of disability is not included in the second sentence.  As such, a strict construction of the language supports the interpretation the seven or more days of disability language in the first sentence does not apply to the duty to report in the second sentence.  However, when one reads the two sentences together as they are

found within the same paragraph, I find an ambiguity exists for the reason set forth by Judge Wise.

{¶70} Judge Wise references Ohio Administrative Code Rule 4123-3-03, and both Judge Wise and Judge Baldwin cite Ohio Administrative Code Rule 4123-3-08 in support of their decisions.[1] I agree with Judge Wise the administrative construction of Rule 4123-3-03 (and Rule 4123-19-03) is the exact interpretation sought by Appellant. I further recognize, and concede, Rule 4123-3-08 does not include language extending the statute of limitations in death claims. I am left to wonder whether its exclusion was by administrative design or oversight?

{¶71} R.C.1.49 (F) allows for the consideration of the administrative construction of the statue. It does not mandate it. It appears to me Rule 4123-3-03 and Rule 4123-3-08 are in conflict with regard to fatal injuries. Remembering R.C. 1.49 (A) provides if a statute is ambiguous, we may consider the object to be attained. The object of Chapter 4123 is to provide compensation for accidental death for an employee. I suggest the same consideration applies to administrative rules.

{¶72} R.C. 1.47(C) states, if a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters: "(E) The consequences of a particular construction." When doing so, I find the consequences of the interpretation of R.C. 4123.28 by Judge Baldwin, and the application of Administrative Rule 4123-3-08 by both Judge Wise and Judge Baldwin, create an inequitable consequence. To require an employer to report an injury which results in seven days of disability (e.g., a sprained ankle), but not to do so when the accident results in near instantaneous death, is an

---

[1] Neither Appellant nor Appellee refer to the Ohio Administrative Code in their briefs to this Court.

unreasonable result and frustrates the purpose of Chapter 4123.  Every death involves an injury, and death is the ultimate disability.

{¶73}  Accordingly, I would sustain Appellant's sole assignment of error and reverse the judgment of the trial court.